OPINION OF THE COURT
Allen Murray Myers, S.
Petitioners, Sondra G. Gilman and James S. Marcus, seek a clarification or modification of the injunction contained in this court’s order entered June 9, 1982, disqualifying the law firm of Willkie, Farr & Gallagher, so as to permit the attorneys for Sondra G. Gilman to communicate with the former Surrogate, Honorable Millard L. Midonick, concerning facts which occurred while he was presiding over matters concerning the Gilman estates as the Surrogate of this court.
The disqualification order provides, in part, that: “ordered, that Willkie is enjoined from communicating concerning the above-captioned actions with, or furnishing documents concerning the above-captioned actions to, Sondra G. Gilman (or her counsel), James S. Marcus (or his counsel), and any other person or entity (or counsel for same) with an interest differing or conflicting with Gilman Paper Company, its officers, directors or trustees, except that this injunction shall not bar Willkie from (i) communicating with Sondra G. Gilman and James S. Marcus with *914 respect to their selection of successor counsel, or (ii) transmitting to such successor counsel copies of the documents filed in the above captioned actions, or legal research memoranda which contain (after any necessary redactions) no facts concerning Gilman Paper Company, its officers, directors or trustees”.
The petitioners claim that the former Surrogate’s knowledge concerning conferences for which no transcripts were made is necessary in order to allow them to fully investigate and respond to the complex factual issues which have been raised in this case. In opposition to the motion, the attorneys for the Gilman Paper Company allege that in the absence of a showing that the former Surrogate is a necessary and competent witness, the motion for permission to communicate with him should be denied.
While it is true that a lawyer shall not accept private employment in a matter on the merits of which he has acted in a judicial capacity (Code of Professional Responsibility, DR 9-101 [A]), the petitioners do not seek the legal aid or advice of the former Surrogate, but rather, seek only to communicate with him in his role as a witness to elicit information which might illuminate matters in issue among the parties herein.
It is important to note that this motion is not the start of an SCPA 2103 or CPLR 3101 proceeding but merely a motion for a clarification of an injunction issued by this court. Accordingly, there is no need to show special circumstances or lay any foundation in order merely to communicate with the former Surrogate. That right exists without any court order whatsoever and except for the injunction, which this court had issued, there would be no need to seek any permission. It is also noteworthy that both sides have indicated that it might be necessary to call the former Surrogate as a witness in the pending declaratory judgment action, and other pending matters. Obviously the decision to call the former Surrogate as a witness cannot be made without first communicating with him. The issue as to whether or not the former Surrogate can be properly called as a witness and testify is not at issue in this motion. Accordingly, this court’s order of June 9, 1982, is modified and clarified so as to allow the petitioners to communicate *915 with the former Surrogate. Nothing herein shall be construed as directing the former Surrogate to speak or communicate with any party to this action should he not wish to be interrogated. If either party should wish to depose the former Surrogate, that party shall be required to seek an order of this court pursuant to CPLR article 31.